IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAVID LAMAR ELLIS and JANA ELLIS, As Next Friends to AMY L. ELLIS, a Minor, JOHN D. ELLIS, a Minor and JEFFREY L. ELLIS, a Minor,<br><br>Plaintiffs,<br><br>VS.<br><br>TOYOTA MOTOR CORPORATION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____ |

2-02CV-288

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs David Lamar Ellis and Jana Lynn Ellis are husband and wife. They are the natural parents of Amy L. Ellis, John D. Ellis, and Jeffrey L. Ellis and reside in Sherman, Grayson County, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, Shoichiro Toyoda, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Facts

4. On May 26, 2002, David Lamar Ellis was driving a 1993 Lexus ES300 (VIN # JT8VK13TXP0123759) and had stopped at a red light going southbound on the west service road on US 75 at Bethany Drive in Allen, Collin County, Texas. Ruben Berlanga Tovar was traveling southbound on the service road and impacted into the rear of the vehicle driven by Plaintiff David Ellis. Jeffrey Ellis, a minor, was stopped at the same light.

5. At the time of the rear impact Plaintiffs David Lamar Ellis, Jana L. Ellis, John D. Ellis, and Amy Lynn Ellis were properly wearing their 3-point seatbelts. Plaintiff Amy L. Ellis, a minor child was seated in the left rear side of the vehicle.

6. As a result of the accident, Plaintiff Amy Ellis sustained serious injuries.

**PLAINTIFFS' ORIGINAL COMPLAINT - PAGE 1**

7. The other family members were all bystanders to Amy Ellis' serious injuries.

### D. Cause of Action
### As To Defendant Toyota Motor Corporation

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because

10. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew that the vehicle's the following components were defectively designed, assembled, marketed or tested:

   a. the vehicle's rear structure failed to protect the rear seated occupant in that it was not adequately reinforced, adequately designed, and failed to properly secure and tie the structure above the bumper to the frame and supports below the bumper.

11. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

13. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Plaintiffs' injuries.

### E. Damages to Plaintiffs

14. As a result of the acts and/or omissions of Defendants, Plaintiffs David Ellis and Jana Ellis have suffered extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future.

15. As a result of the acts and/or omissions of Defendants, Plaintiffs David Ellis and Jana Ellis have become obligated to pay medical expenses in the past and, in all likelihood, will into the future and Amy Ellis will become obligated to pay medical expenses after she turns 18 years of age.

16. As a result of the acts and/or omissions of Defendants, David Ellis and Jana Ellis have experienced a loss of income in the past and will in the future as a result of the injuries to their child Amy Ellis.

17. As a result of the acts and/or omissions of Defendants, David Ellis and Jana Ellis have experienced physical pain and suffering, mental anguish and emotional distress, in the past and will in the future as a result of the injuries to Amy Ellis.

18. As a result of the acts and/or omissions of Defendants, Plaintiff Amy Ellis, a minor has experienced physical pain and suffering, mental anguish and emotional distress, physical disfigurement and impairment in the past and will in the future as a result of her serious injuries.

19. As a result of the acts and/or omissions of Defendants, Plaintiff Amy Ellis, a minor, will experience a diminished earning capacity in all probability in the future.

20. As a result of the acts and/or omission of Defendant, Jeffrey L. Ellis, a minor child, and John Ellis have suffered mental anguish and emotional distress over the shock from the sensory and contemporaneous observance of the accident that injured their sister.

21. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiffs have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

22. For these reasons, Plaintiffs ask for judgment against Defendant for

   a. actual damages;
   b. prejudgment and post-judgment interest beginning May 26, 2002;
   c. costs of suit; and
   d. all other relief the court deems proper.

Respectfully submitted,

TRACY & CARBOY

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFFS**