IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID LAMAR ELLIS and | § | |
| JANA ELLIS, as Next Friends to | § | |
| AMY L. ELLIS, a Minor, | § | |
| JOHN D. ELLIS, a Minor, and | § | |
| JEFFREY L. ELLIS, a Minor, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2-02cv-288-TJW |
| | § | |
| v. | § | |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

AGREED ORDER TERMINATING TRUST

On this day came on to be heard the Application to Terminate Trust (the "Application") filed in this cause by Encore Bank, N.A., d/b/a Encore Trust ("Applicant"), successor in interest to National Fiduciary Services, N.A., d/b/a Southwest Guaranty Trust, Trustee of the Amy L. Ellis Trust dated October 31, 2003 (the "Trust").  The Court, having read and considered the Application on file in this cause, finds the following facts:

1.      This Court has jurisdiction and venue over the parties and the subject matter.

2.      All necessary persons and entities have been joined as parties, have been properly served or have properly waived issuance and service of citation, and are before the Court.

3.      Amy L. Ellis, an adult, is the sole beneficiary of the Trust.

4.      Applicant has served as Trustee of the Trust from the date of the creation of the Trust until the present time.

5.      The Trust was established as a special needs trust in accordance with 42 United States Code Section 1396(p)(d)(4)(A), as amended August 10, 1993 by the Omnibus Budget

Reconciliation Act of 1993, Pub. L. No. 103-66, and Section 142.005(g) of the Texas Property Code for the purpose of preserving Amy L. Ellis' eligibility for means-tested governmental public assistance programs such as Medicaid and SSI.

6.      The Trust assets consist of (i) $0.41, and (ii) semi-annual annuity payments from New York Life Insurance Company under Structured Settlement Agreement Number FP212051 (the "Annuity Payments").

7.      The value of the Trust corpus is insufficient to justify the continued administration of the Trust.

8.      Amy L. Ellis has never received any benefits from means-tested governmental assistance programs such as Medicaid and SSI, and Amy L. Ellis does not anticipate having to rely on such programs in the future.  Accordingly, the continued administration of the Trust is not necessary to achieve the purpose of the Trust.

9.      Pursuant to paragraph C of Article III of the Trust and the provisions contained in 42 United States Code Section 1396p(d)(4)(A), if the Trust terminates for any reason (including death of Amy L. Ellis, a judicial determination that Amy L. Ellis has regained capacity, etc.), then the Trustee is required to distribute the remaining Trust assets to the State of Texas up to an amount equal to the total medical assistance paid on behalf of Amy L. Ellis during the administration of the Trust under the Texas Medicaid plan (or other state's Medicaid plan).  If any assets remain in the Trust after making the reimbursement payments to the state's Medicaid plan in accordance with the preceding sentence, the Trustee is required to distribute the remaining Trust assets to Amy L. Ellis.

10.     The Court has the authority to terminate the Trust pursuant to Article II of the Trust and Sections 112.054(a)(5)(A), 112.059,  and 142.005(d) of the Texas Property Code.

11.     It is in the best interest of Amy L. Ellis, as the beneficiary of the Trust, for the Court to terminate the Trust.

12.     Throughout its service as Trustee of the Trust, Applicant has maintained accurate books and records for the Trust.  Applicant has also furnished Amy L. Ellis on a regular basis computer generated statements showing the receipts and disbursements of income and corpus of the Trust, along with a list of assets held in the Trust.  Accordingly, Applicant should be released and discharged by the Court as Trustee of the Trust without the requirement of an audit or any accounting.

13.     Applicant should be released and discharged by the Court from any and all liability arising from any act or failure to act occurring at any time whatsoever during its service as Trustee of the Trust, including, but not limited to any and all liability arising from any act or failure to act occurring in connection with the termination of the Trust.

Is therefore ORDERED, ADJUDGED and DECREED that:

1.     The Court hereby approves the termination of the Trust effective December 31, 2008 pursuant to Article II of the Trust and Sections 112.054(a)(5)(A), 112.059, and 142.005(d) of the Texas Property Code.

2.     Since Amy L. Ellis has never received any benefits from means-tested governmental public assistance programs such as Medicaid and SSI, the Trustee shall reimburse the State of Texas, or the appropriate governmental entity or agency, the sum of $0.00 for medical assistance paid on behalf of Amy L. Ellis under the Texas Medicaid plan.

3.     The reasonable attorney's fees and expenses of Locke Lord Bissell & Liddell LLP, attorneys for Applicant, for legal services rendered in connection with this matter, are hereby charged against, and ordered that the same be paid from, the assets of the Trust.

4.      All proper and necessary expenses, including, but not limited to court costs, tax preparation fees, tax liabilities, and any and all expenses of the Trust of any kind or nature, shall be paid from the assets of the Trust prior to distributing the remaining assets of the Trust to Amy L. Ellis.

5.      After paying all attorneys' fees and proper and necessary expenses, including, but not limited to court costs, tax preparation fees, tax liabilities, and any and all expenses of the Trust of any kind or nature, the Court hereby orders that the remaining assets of the Trust, if any, be distributed to Amy L. Ellis, outright and free of Trust.

5.      The Court hereby orders New York Life Insurance Company to change the payee of the Annuity Payments under Structured Settlement Agreement Number FP212051 from the Trust to Amy L. Ellis so that all Annuity Payments payable on or after December 31, 2008 shall be paid directly to Amy L. Ellis, outright and free of trust;

6.      The nature and extent of Applicant's computer generated statements concerning the receipts and disbursements of the Trust and the assets owned by the Trust are sufficient, and Applicant has no further obligation to provide Amy L. Ellis with any additional financial and/or accounting information pertaining to the Trust and its administration.

7.      Applicant is hereby released and discharged by the Court from any and all liability arising from any act or failure to act occurring at any time whatsoever during its service as Trustee of the Trust, including, but not limited to being released and discharged from any and all liability arising from any act or failure to act occurring in connection with the termination of the Trust.

All relief not expressly granted herein is denied.

SIGNED this _____ day of _____, 2008.

DAL:0101750/00006:1697454v1

APPROVED AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:

ENCORE BANK, N.A.,
d/b/a ENCORE TRUST


By: _____
Name: Allyson Nelson
Its:    Assistant Vice President


_____
AMY L. ELLIS